```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ALBERT SALMON,

      Plaintiff,

v.                                      Case No. 8:15-cv-2339-T-33TBM

AURORA LOAN SERVICES, LLC;
NATIONSTAR MORTGAGE, LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendants Aurora Loan Services LLC, Nationstar Mortgage LLC, and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (Doc. # 10) filed on October 16, 2015. Plaintiff Albert Salmon, appearing pro se, filed an objection to the Motion to Dismiss on October 25, 2015, and another objection on October 29, 2015. (Doc. ## 13, 16). Plaintiff Cleofe L. Pearcy, also appearing pro se, did not file a response. An affidavit was submitted to the Court on October 29, 2015, with Pearcy's signature stating she had no interest in the outcome of these legal proceedings. (Doc. # 17). The Court held a hearing on February 8, 2016, on the Motion to Dismiss.

(Doc. # 24). Salmon and counsel for Defendants appeared at the hearing. Pearcy did not appear. (Doc. # 24). The Court dismissed Pearcy as a party to this case for failure to prosecute on February 8, 2016. (Doc. # 25). The Court grants the Motion to Dismiss without prejudice for the reasons below.

I. **Background**

Salmon and Pearcy filed the instant Complaint on August 28, 2015 against Defendants Aurora Loan Services LLC, Nationstar Mortgage LLC, and Mortgage Electronic Registration Systems, Inc. in the Twelfth Judicial Circuit Court of Florida in Sarasota County, Florida. (Doc. # 2). The Complaint sought quiet title to property at 5309 Chaplin Terrace in North Port, Florida. (Doc. # 2).

The Complaint alleged Salmon and Pearcy took title to the property through a warranty deed on April 17, 2007. (Doc. 2 ¶ 1). It alleged a mortgage on the property was lost through various assignments and "is invalid and unenforceable in that it became fully matured on the 1st day of April, 2008, when the acceleration clause was imposed[.]" (Doc. 2 ¶¶ 7-8). The Complaint also alleged the statute of limitations under § 95.281 to enforce the mortgage expired.

The Complaint was removed to this Court on October 2, 2015, based on diversity of citizenship pursuant to 28 U.S.C.

2

§§ 1332, 1441(b). (Doc. # 1). The Defendants then moved to dismiss the Complaint. (Doc. # 10).

The Defendants ask this Court to judicially notice that Defendant Aurora Loan Services LLC filed an action against Salmon and Pearcy in the Twelfth Judicial Circuit Court of Florida in Sarasota County on August 15, 2008 to foreclose the mortgage at issue in the instant Complaint. (Doc. ## 10, 10-2, 10-4). The state court entered a uniform final judgment of mortgage foreclosure on September 11, 2009. (Doc. ## 10, 10-3). Salmon and Pearcy did not appeal the final judgment. (Doc. # 10, 10-4).

The Defendants argue the instant Complaint should be dismissed with prejudice for three reasons. (Doc. # 10). First, the Defendants argue the doctrine of res judicata prevents Salmon and Pearcy from re-litigating the validity of the mortgage in this quiet title action. Second, the Defendants argue the Rooker-Feldman doctrine bars this action. Third, the Defendants argue the mortgage is still enforceable under § 95.281(1)(a), Fla. Stat.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth

3

Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). A "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context,

4

'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (internal citation omitted).

"Although the Court must afford a pro se litigant wide leeway in pleadings, a pro se litigant is nonetheless required to satisfy necessary burdens in that he is 'not relieved of his obligation to allege sufficient facts to support a cognizable legal claim,' and 'to survive a motion to dismiss, a Plaintiff must do more than merely label his claims.'" Mills v. Verizon, 8:08-cv-00434-T-17TBM, 2008 WL 4365922, at *2 (M.D. Fla. Sept. 23, 2008) (internal citation and quotations omitted). "Dismissal is, therefore, permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" Id.

### III. Analysis

The U.S. Court of Appeals for the Eleventh Circuit recently considered the application of the Rooker-Feldman doctrine in the context of mortgage foreclosure litigation. In Valentine v. BAC Home Loans Servicing, L.P., No. 14-15196, _ F. App'x _, 2015 WL 9461726 (11th Cir. Dec. 28, 2015), the Eleventh Circuit affirmed a district court that denied motions under Federal Rule of Civil Procedure 59(e) and 60(b) because the district court lack jurisdiction over the case

5

under the Rooker-Feldman doctrine. The plaintiffs in Valentine filed a lawsuit seeking "an order setting aside the judgment of foreclosure" entered by a Florida state court. Valentine, 2015 WL 9461726, at *1. The Eleventh Circuit held that "[u]nder the Rooker-Feldman doctrine, a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005)). "The doctrine extends to claims involving issues that are 'inextricably intertwined with the state court judgment,' i.e., claims that would 'effectively nullify' the state court judgment or that would 'succee[d] only to the extent that the state court wrongly decided the issues.'" Id. (internal citations and quotations omitted).

In Symonette v. Aurora Loan Services, LLC, No. 14-15220, _ F. App'x _, 2015 WL 7144369, at *1 (11th Cir. 2015), the Eleventh Circuit affirmed another district court that dismissed similar claims for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. The plaintiff in Symonette filed an action for wrongful foreclosure and

6

slander of title, among other causes of action, and sought to quiet title after a Florida state court entered a final judgment of foreclosure against him. The Eleventh Circuit affirmed dismissal because "[u]nder the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review a state court's final judgment." Symonette, 2015 WL 7144369, at *1.

The Eleventh Circuit in Symonette also affirmed the dismissal under res judicata. Symonette, 2015 WL 7144369, at *2. "In term of res judicata, 'a judgment on the merits bars a subsequent action between the same parties on the same cause of action,' and prohibits not only relitigation of claims previously raised, but also the litigation of claims that could have been raised." Id. (internal citation and quotations omitted). "[T]here must be (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." Id. The first factor is met "when the 'facts are essential to the maintenance of [the] federal action are identical to those facts which were essential to the maintenance of the prior state action.'" Id. "The third element is met if the parties are either identical to or in privity with the parties to the

7

original suit. The fourth element requires that the 'parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action.'" Id.

The same result in Valentine and Symonette is mandated here. There is no dispute that like the plaintiffs in Valentine, Salmon and Pearcy lost in state court, and the state court issued a final judgment, which was not appealed, before the instant Complaint was filed. Valentine, 2015 WL 9461726, at *2. As in Valentine, "[t]here is no serious question that the [instant] complaint invited the district court to review and reject the state court's judgment." Id. The state court enforced the mortgage in its foreclosure judgment. The instant Complaint sought to have the mortgage declared null and void. The state court ordered that the property be sold at auction to the highest bidder. The instant Complaint sought to quiet title to the property in the plaintiffs' favor. Because the Rooker-Feldman doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments," Alvarez v. Att'y Gen. of Fla., 679 F.3d 1257, 1262 (11th Cir. 2012), the Complaint should be dismissed for lack of subject matter jurisdiction.

8

The Complaint should also be dismissed on res judicata grounds. All four elements of the res judicata doctrine are met. The instant lawsuit is "for the same thing as the foreclosure suit, namely, title" to the same property. Symonette, 2015 WL 7144369, at *2 (internal citations and quotations omitted). "The facts essential to the maintenance of [the] federal action [are] identical to those facts which were essential to the maintenance of the prior state action." Id. Both actions require the court to pass on the validity of the mortgage. Salmon, Pearcy, and Aurora Loan Services LLC were parties to the state court foreclosure action. Nationstar Mortgage LLC, and Mortgage Electronic Registration Systems Inc. were in privity with Aurora. Finally, as in Symonette, "the parties all had the desire to hold title to the [property], thereby motivating them to fully litigate the claims in the same character or capacity in each case[.]" Symonette, 2015 WL 7144369, at *2.

**IV. Conclusion**

The Court dismisses the Complaint without prejudice because the Court concludes it lacks subject matter jurisdiction under the Rooker-Feldman doctrine and the claims are barred under res judicata.

Accordingly, it is

9

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' Motion to Dismiss (Doc. # 10) is **GRANTED**.

(2) The Complaint is dismissed without prejudice because the Court lacks subject matter jurisdiction over this case.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 23rd day of February, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE